IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANGELA SANCHEZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | EP-08-CV-332-KC |
| | § | |
| BEACON INFORMATION | § | |
| TECHNOLOGY & STAFFING AND | § | |
| SERVICE, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day the Court considered Defendants' "Motion For Summary Judgment" ("Defs.' Mot.") (Doc. No. 24). For the reasons set forth below, Defendants' Motion is **DENIED**, and the case is **REMANDED** back to the state court from which it was removed.

### I. BACKGROUND

Angela Ramos ("Ramos") was hit by a bus on December 2, 2006, while crossing a street in El Paso, Texas. *See generally* Defs.' Mot. Ex. 3 ("Police Report") (Doc. No. 24-6). The bus which struck her was owned by the U.S. Government and operated by Defendant Maria De La Paz Santillan ("Santillan"). *Id.* At that time, Santillan was an employee of Defendant Beacon Information Technology & Staffing Service, LLC ("Beacon"). Defs.' First Amended Answer ("Defs.' Answer") (Doc. No. 23) 3. On February 12, 2009, Ramos filed an administrative claim with the U.S. Government, seeking compensation for her injuries, which was denied on the theory that Santillan and Beacon were Government contractors, and the U.S. is only liable for torts committed by employees – not contractors. *See* United States' Opposition to Defendants'

Petition for Certification ("Gov't Brief") Ex. 1 ("Claim Denial Letter") (Doc. 39-2).

Ramos died on February 28, 2008. Gov't Brief 3; *see also* Defs.' Not. of Removal (Doc. No. 1) 2 (acknowledging Ramos's death). In June 2008, certain survivors and purported heirs of Ramos[1] filed several related administrative claims with the U.S. Government regarding this accident, under various wrongful death and survivorship theories. *See generally* Defs.' Mot. Ex. 4 ("Survivors' Claims"). On July 28, 2008, while these claims were pending, the survivors filed a lawsuit in County Court at Law Number Three, El Paso County, Texas, against Santillan, Beacon and Vanessa Rodriguez, the alleged owner of Beacon, seeking recovery from them in connection with the accident. *See* Pls.' Original Pet. ¶¶ 2-7.[2] On August 25, 2008, Defendants removed the case this Court. Not. of Removal 1. On December 12, 2008, the Government denied the survivors' claims as well, on the same grounds as the first denial. *See* Claim Denial Letter.

On August 27, 2009, Defendants moved for summary judgment, claiming that they were actually employees of the Government, and thus entitled to statutory immunity from suit, with the Government being substituted as the defendant in their stead. *See generally* Defs.' Mot. As the Government had not voluntarily acknowledged that the relationship was an employer-employee one, Defendants included in their Motion a petition to have the Court certify them as employees under 28 U.S.C. § 2679(d). *See* Defs.' Mot. 8. They served notice of this petition on

---

[1] Namely: Angel Sanchez (individually and as executor of Ramos's estate), Jose A. Sanchez, Jorge A. Sanchez, Maria del Rosario Sanchez, Jesus Manuel Sanchez, Guadalupe Sanchez, Leobardo Sanchez and Hilario Sanchez.

[2] The state court Original Petition was filed with Defendants' Notice of Removal. It begins on page eight of that document, as paginated by the Court's electronic docketing system.

the U.S. Government by September 4, 2009. *See* Defs.' Second Certif. of Service on the U.S. Gov't (Doc. No. 26). On September 8, 2009, Plaintiffs filed a brief opposing such certification on the merits. *See* Pls.' Resp. Opposing Defendants' Mot. for Summ. J. 6-7 ("Pls.' Resp.") (Doc. No. 27).

On September 28, 2009, the Government filed a brief in opposition to Defendants' petition for certification, mainly objecting to propriety of seeking such certification in court before formally seeking it from the Attorney General,[3] and also arguing that removal was improper as the case was beyond this Court's jurisdiction. *See* Gov't Brief 6-11. On September 30, 2009, in response to the Government's arguments, Defendants formally sought certification as employees. *See* Defs.' Reply to the U.S. Gov't's Opposition to Defs.' Pet. for Certification ("Defs.' Reply") Ex. 1 (Doc. 40-2) ("Certification Request Letter"). On October 20, 2009, the Government formally denied certification. *See* Defs.' Supp. Reply to the U.S. Gov't's Opp'n to Defs.' Pet. for Certification ("Defs.' Supp. Reply") (Doc. No. 43) Ex. A1 ("Certification Denial Letter").

## II. DISCUSSION

### A. Standards

Federal courts are courts of limited jurisdiction. *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate

---

[3] The Defendants claim that because the Claim Denial Letter made the Government's position on the contractor / employee question clear, they felt it was futile to pursue a formal certification request. *See* Defs.' Reply 2.

claims. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A case filed in state court may be removed to federal district court if it could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The district court is required to remand a case previously removed from state court, at any time before final judgment, if it determines that it lacks subject matter jurisdiction over the case. *Id.* § 1447(c). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

Federal courts have subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986). Whether a claim "arises under" federal law is determined by reference to the "well-pleaded complaint." *Id.* at 808. The well-pleaded complaint rule provides that "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (internal quotation marks omitted). It has been long established that a federal question which first appears as a defense to a state-law claim, or in anticipation to such a defense, is insufficient to confer jurisdiction. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).

B.	**Removal Was Improper**

The instant case was removed to this Court on August 25, 2008. Defendants did not attempt to invoke diversity jurisdiction in their Notice of Removal,[4] but instead sought to invoke the jurisdictional section of the Federal Tort Claims Act. *See* Notice of Removal ¶¶ 7, 10. Federal courts have exclusive jurisdiction over tort cases in which the United States is named a defendant. 28 U.S.C. § 1346(b) (along with other sections, the "Federal Tort Claims Act" or "FTCA").[5] This jurisdiction applies *only* to cases in which the United States is named the defendant; while the underlying tort may have been committed by a government employee, that "employee cannot be sued *eo nomine* under the Federal Tort Claims Act." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Instead, to invoke that

---

[4] Removal based on diversity jurisdiction is clearly unavailable in this case. At the time of removal, and up to the present, the only parties to this case were and are private individuals and companies. *See* Original Pet. ¶¶ 2-7. These parties are not eligible for diversity jurisdiction, because at least some Plaintiffs and some of the Defendants are residents of Texas, destroying complete diversity. *See* Original Pet. ¶ 3 ("Plaintiffs Angel Sanchez and Jose A. Sanchez are residents of El Paso County, Texas."); *see also id.* ¶ 6-7 (stating that Defendants Santillan and Rodriguez are Texas residents, and that Beacon is a Texas-based company); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (holding that complete diversity is generally required). Also, Defendants are residents of the forum state, which is a bar to removal even where diversity of citizenship exists. Original Pet. ¶¶ 6-7; *see also Lincoln Prop.*, 546 U.S. at 84.

[5] The FTCA also operates as a waiver of sovereign immunity, providing the underlying consent for the United States to be sued for such torts; it also sets up certain administrative claims procedures that must be followed before suit is filed, and establishes other limitations on suits against the Government. *See generally* 28 U.S.C. §§ 1346, 2671-2680. Parts of the FTCA are sometimes referred to as the "Westfall Act," which was passed in 1988 to revise and overrule certain features of FTCA case law. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995).

law, the plaintiff must name the United States as defendant; if this is not done, the district court lacks jurisdiction under that statute. *See id.* Because the United States has not been formally named as a defendant in this case, invoking the FTCA jurisdiction clause is of no use.

Defendants also make reference to "federal question" jurisdiction in this connection. *See* Notice of Removal ¶ 6. This appears to be the most plausible source for jurisdiction here, but it also fails. Certification of Government-employee status – whether voluntarily done by the Government, or mandated by court order – and the attendant immunity from suit and substitution of the United States as a party, is indeed a creature of federal law. *See* 28 U.S.C. §§ 2679(d)(2)-(3). But in the instant case, these issues arise only as a defense to Plaintiffs' state law claims. *See* Notice of Removal ¶¶ 7-8; *see also* Defs.' Answer 7-8 (The assertion that "the Federal Tort Claims Act (FTCA) provides Defendants with immunity from this lawsuit. . ." appears as one of the "Affirmative Defenses."); *see also* Defs.' Mot. 2 ("Defendants file this motion to assert their immunity under the FTCA."). It is well settled that an issue of federal law arising only as a defense to a state law claim, or as a response to or anticipation of a defense, cannot sustain federal question jurisdiction; under the "well-pleaded complaint" rule, the federal question must directly arise from the allegations contained in the plaintiff's complaint. *See Gutierrez*, 543 F.3d at 251-52; *see also Mottley*, 211 U.S. 152. Plaintiffs' Original Petition only asserts state law claims (namely, statutory survival, negligence and wrongful death), and only asserts facts which, taken fairly, support state law claims. *See generally* Pls.' Original Pet. There is no federal question arising out of their Original Petition, and thus no federal question jurisdiction here.

Because there is no diversity jurisdiction, no FTCA jurisdiction, and no federal question jurisdiction in this case, the removal of this case to federal court on August 25, 2008, was

improper due to this Court's lack of subject matter jurisdiction.

### C. Jurisdiction Not Conferred by the Petition For Court Certification of Government Employee Status

The possibility remains that Defendants' petition for court certification of their Government employee status, filed on August 27, 2009 as part of their Motion for Summary Judgment, narrowly gives rise to federal question jurisdiction for the purposes of that issue – and if that issue is settled in favor of Defendants, and the United States is deemed the appropriate defendant, FTCA jurisdiction could *then* be invoked to keep the larger case properly in federal court. *See* 28 U.S.C. § 1346(b). The posture of this issue is essentially that of a request for declaratory judgment, filed by Defendants against the Government, seeking a declaration of what the "legal relations" are between them, specifically on the question of whether some or all of the Defendants were Government employees or Government contractors. *See* 28 U.S.C. § 2201 ("Declaratory Judgment Act").

While this view is logically tempting, it is also wrong. The FTCA provides mechanisms for the certifying that alleged tortfeasors were actually Government employees acting within the scope of their employment, for the purposes of immunizing them from suit and substituting the United States as the defendant in their stead. *See* 28 U.S.C. § 2679(d)(1)-(3). The Government can either voluntarily certify that a person was an employee acting within the scope of employment at the time of the tort, or, if it refuses to do so, the alleged employee can petition in court for an involuntary certification. *See* 28 U.S.C. §§ 2679(d)(2) (voluntary certification), 2679(d)(3) (court-imposed certification). Had the provisions of the statute been limited to just these terms, it would be reasonable to assume that a declaratory judgment action, in federal court

under the Declaratory Judgment Act, would be an appropriate way for a purported employee to seek such certification in the face of a recalcitrant Government.

But the provisions of that statute are not so limited. The statute goes on to state that when "the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States. . . ." 28 U.S.C. § 2679(d)(3). This strongly suggests that a petition for certification in a state court tort case should be filed in state court, and that *only* the Attorney General can remove the case to federal court, at his or her discretion, when such a question arises. Moreover, some of the opening words of that statutory subsection read: "[T]he employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." *Id.* This further suggests that the correct forum for such a petition is the court in which the underlying case is outstanding – the court in which the trial would be held – and that the purported employee has no right to file such a petition in another forum. *Id.* The Supreme Court has agreed with this reading, though in *obiter dictum*. *See Osborn v. Haley*, 549 U.S. 225, 241 (2007) ("In [the event the Government refuses certification], the defendant employee may petition the court in which the action was instituted to make the scope-of-employment certification. If the complaint was filed in state court, the Attorney General *may* remove the case to the appropriate federal court, but he is not obliged to do so.").

In this case, the court in which the instant action was pending, at the time the petition was made, was indeed this Court. But the case – and thus the petition – are in this federal Court only because the case was improperly removed here earlier, as discussed above in Section II(B).

8

Critically, the FTCA and Westfall Act do not confer *independent* jurisdiction on a federal court to hear a certification petition at the request of a purported employee who is defending a state court action. *See Osborn*, 549 U.S. at 241; *cf. B & A Marine Co. v. Am. Foreign Shipping Co.*, 23 F.3d 709 (2d Cir. 1994) (example of a case in which a federal court had diversity jurisdiction over the tort claim, allowing it to entertain the petition for certification as government employees). The only way a federal court can properly reach a certification petition in a state court tort case is for the Attorney General to remove the whole case to federal court after such a petition is filed at the state court level. *See id.* Because the instant case was improperly removed to this Court, which has no subject matter jurisdiction over the underlying case, this Court has no derivative jurisdiction to reach the certification petition, which is simply a part of the larger case, and is not an independent cause of action. *See Moncrief v. Moncrief*, No. 4:98-CV-528-E, 1998 WL 567988, at *3 (N.D. Tex. August 3, 1998) ("Jarvis' Petition for Certification is, in essence, a motion now pending before this Court rather than a new cause of action/lawsuit asserted by Jarvis against the United States."); *cf. Foster v. Hill*, 497 F.3d 695 (7th Cir. 2007) (example of a case in which petition for certification was properly filed in state court, and the case was subsequently removed to federal court by the Attorney General).

The Court is aware of the fact that this analysis suggests a course of action which carries a significant risk of "shuttling" – that is, needless rounds of removing the case to federal court, followed by remands to state court, followed by further removals to federal court – which creates costly delays, and is meant to be avoided in FTCA cases. *See generally Garcia v. United States*, 88 F.3d 318 (5th Cir. 1996). Specifically, a remand to state court at this time would only invite Defendants to re-file their petition for certification in that forum, which in turn would only invite

the Attorney General to re-remove the case back to federal court in order to decide the underlying merits of that petition, which, if decided against the Defendants, would result in another remand to state court. But this Court cannot presume to know the intentions of the Attorney General in advance. As the decision to remove a case with such a petition is discretionary, it is entirely possible that the issue will not be re-removed in the end. *See Osborn*, 549 U.S. at 241 (stating that the Attorney General's decision to remove such a case is discretionary). Moreover, the issues at stake here concern this Court's subject matter jurisdiction, which is fundamental and can never be waived by the parties or ignored by the Court. *See, e.g., Mottley*, 211 U.S. at 152. Accordingly, the Court remands the case to state court for further proceedings in that forum.

## III. CONCLUSION

For the reasons noted above, Defendants' Motion for Summary Judgement, which seeks to have themselves certified as Government employees and immunized from suit, and further seeks to substitute the United States as the defendant in their stead, is hereby **DENIED** because the Court lacks subject matter jurisdiction over the instant matter. Furthermore, the Court **REMANDS** the case to state court, because removal was improper for lack of subject matter jurisdiction.

**SO ORDERED**.

The Clerk shall close the case.

**SIGNED** on this 10th day of December 2009.

_Kathleen Cardone_

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE